IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04771-PAB

WUILMER TRIGUEROS MONTOYA,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center,
GEORGE VALDEZ, Denver Field Office Director U.S., Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Senior Official, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, U.S. Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Wuilmer Trigueros Montoya's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 5. Petitioner replied. Docket No. 6.

## I. BACKGROUND[1]

Petitioner is a native of Guatemala. Docket No. 1 at 7, ¶ 36. Petitioner entered the United States on or about May 1, 2008. *Id.* Mr. Montoya's petition does not indicate that he was inspected by any government agent upon his entry to the United States.[2]

[1] Respondents indicate that they are "not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 5 at 1-2. Accordingly, the Court draws all facts from Mr. Montoya's petition.

[2] In addition to omitting any detail regarding an initial apprehension, Mr. Montoya cites to *Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025), for

Since Petitioner's entry, he has "maintained full-time employment, started [his] own business, paid taxes, and supported [his] family." *Id*. at 2, ¶ 3. Petitioner has no criminal history. *Id*. at 7, ¶ 39.

On August 25, 2026, respondents arrested petitioner in Danbury, Connecticut, without first issuing or presenting a notice to appear ("NTA") in immigration court or a warrant. *Id*. at 2, 8, ¶¶ 4-5, 43. On September 9, 2026, respondents issued those documents and served them on petitioner. *Id.* at 2, ¶ 6; *see generally* Docket 1-2 at 11-16. Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. Docket No. 1 at 3, ¶ 14.

On September 25, 2026, Mr. Montoya filed a petition for writ of habeas corpus. *See generally id.* Among other claims, petitioner asserts that respondents unlawfully arrested him without a warrant. *Id.* at 8-11, ¶¶ 46-58. On October 8, 2026, respondents filed a response. *See generally* Docket No. 5. Respondents' response represented that "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention." *Id.* at 2.

## II. ANALYSIS

Title 8 U.S.C. § 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the

---

the proposition that 8 U.S.C. § 1226(a)—which he claims governs his detention—applies to "noncitizens who are not apprehended upon arrival to the United States." *See* Docket No. 1 at 14, ¶¶ 74-75; *see also* Docket No. 1-2 at 11 (Department of Homeland Security Notice to Appear listing both the date and location of Mr. Montoya's entry as "unknown").

alien is to be removed from the United States."[3] 8 U.S.C. § 1226(a) (emphasis added). Petitioner argues that he was arrested without a warrant, and respondents do not contest that assertion. *See* Docket No. 1 at 2, 8, ¶¶ 4-5, 43; Docket No. 5. Petitioner further argues that respondents served an NTA and warrant on petitioner only on September 9, 2026, once respondents had already detained petitioner. Docket No. 1 at 2, ¶ 6; *see also* Docket No. 1-2 at 11-16. Form I-200s "issued either *after or concurrent* with an arrest" cannot "transform[] an unlawful warrantless arrest into a lawful, warranted one." *Ramirez Ovando*, 810 F. Supp. 3d at 1226.

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,

[3] The type of warrant issued by immigration officers is known as Form I-200. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). Still, "[c]ourts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 5. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner, and that petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found that the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a)

without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant*, 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos*, 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.[4]

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Wuilmer Trigueros Montoya's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 21, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

[4] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's other claims for relief.